UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E BRABSON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:25-cv-01403-JRO-TAB |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTION, | ) |
| | ) |
| Defendant. | ) |

**ORDER SCREENING AMENDED COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff James E. Brabson, III, is a prisoner currently incarcerated at

Plainfield Correctional Facility ("Plainfield").  He filed this civil action against the

Indiana Department of Correction ("IDOC"), and his initial complaint was

dismissed for failure to state a claim upon which relief may be granted.  Dkt. 16.

Brabson has filed an amended complaint against several defendants pursuant

to 42 U.S.C. § 1983, dkt. 17, and, because he is a "prisoner," this Court must

screen the complaint before service on the defendants.  28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

The Court accepts Brabson's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). He pursues Eighth Amendment deliberate indifference claims against the IDOC, Mr. Gaskin of Internal Affairs, Warden Wilson, Warden Emerson, and four "John Doe" defendants.

The complaint alleges that Brabson had a relationship with a Plainfield staff member, involving verbal and digital communications, which resulted in the staff member being fired and his being placed in segregation. An investigation was conducted by internal affairs and Mr. Gaskin. Brabson told internal affairs that no sexual encounter occurred and that no items were trafficked into Plainfield via their relationship. Mr. Gaskin relayed Brabson's

2

reports to other Plainfield staff and inmates, and the information put Brabson at risk.

In April 2025, Brabson was stabbed four times and cut three times by an inmate near his bed area in his cell.  There was no panic button in Brabson's cell.  A "John Doe" dormitory officer did not conduct his hourly rounds during the attack, even though such hourly rounds are mandatory.

One-and-a-half hours after the attack, a "John Doe" sergeant and "John Doe" lieutenant arrived and handcuffed Brabson and the attacker.  They stated that they had watched the fight on camera.  They escorted Brabson first to the shift office for photos and then to the health services unit.  A "John Doe" medical staffer stitched Brabson's head in two places, the left side of his lower stomach, and his upper left arm.  Blood was cleaned, although Brabson continued to bleed profusely as he was escorted to the restricted housing unit.  His assailant was returned to general population.

### III. DISCUSSION OF CLAIMS

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Brabson has identified the theories he wishes to use as Eighth Amendment deliberate indifference claims.  Where a *pro se* litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory.  *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*,

559 F.3d 595, 606-07 (7th Cir. 2009)).  Thus, the Court analyzes Brabson's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against the IDOC are **dismissed** for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.  "The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment.'"  *de Lima Silva v. Department of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019) (quoting *Joseph v. Board of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005)).  "This immunity extends to state agencies and state officials in their official capacities."  *Id.*  The IDOC is a state agency, and Brabson does not assert a cause of action where Congress has abrogated the states' sovereign immunity.  *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("Congress did not abrogate the states' sovereign immunity from suit under section 1983, as it could have done.").  Thus, all claims against the IDOC are properly dismissed under the Eleventh Amendment.

Second, all claims against Warden Wilson and Warden Emerson are **dismissed** for failure to state a claim upon which relief may be granted. Constitutional claims generally cannot proceed against individuals merely for their supervisory role of others.  *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir.

4

2019).   Rather, to be liable, "a supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye."  *Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 812 (7th Cir. 2000) (citation omitted).  Mere "knowledge of a subordinate's misconduct is not enough for liability."  *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc).  Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]."  *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).  Brabson seeks to pursue Eighth Amendment claims against the wardens—although he is unsure which held the role during the time of his allegations—because they "allowed [his] assailant to be put back in [general] population" following the stabbing.  Dkt. 17 at 5.   He does not allege that the warden was responsible for such housing assignments and instead alleges that the warden failed to intervene in the housing decision.   This allegation that either warden failed to address a subordinate's decision does not sufficiently allege that they are constitutionally culpable.

Third, all claims against the "John Doe" medical staffer are **dismissed** for failure to state a claim upon which relief may be granted.  "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721-22 (7th Cir. 2021).  "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health*

*Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).  Brabson submits no allegations that indicate the "John Doe" medical staffer acted with subjective indifference in treating him.  Although Brabson alleges that he continued to bleed as he left the health services unit, albeit after receiving four sets of stitches, he does not allege that the "John Doe" medical staff knew this, ignored this, or was otherwise subjectively indifferent.

The claims that **shall proceed** are the following: Eighth Amendment deliberate indifference claims against Mr. Gaskin and the three "John Doe" officers.  Brabson will be permitted to engage in limited discovery for the purposes of identifying the "John Doe" dormitory officer, the "John Doe" sergeant, and the "John Doe" lieutenant.  *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022) (noting there is "nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names").

However, Brabson is reminded that he "gains no advantage, procedural or otherwise, by asserting a claim against an unnamed defendant." *Kennington v. Carter*, 216 F. Supp. 2d 856, 857 (S.D. Ind. 2002).  Brabson still must comply with Fed. R. Civ. P. 4(m), which generally requires the Court to dismiss claims against a defendant without prejudice if service on that defendant is not completed within ninety days after the complaint is filed.  Accordingly, Brabson shall have **ninety (90) days from the date of this Order** to amend his complaint to substitute or add named defendants. Failure to do so without good cause may result in dismissal of claims against "John Doe" defendants.

6

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 12, 2026**, in which to file a motion to reconsider the screening order.

### IV. CONCLUSION AND SERVICE OF PROCESS

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Gaskin and interested party Indiana Department of Correction in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the amended complaint, dkt. [17], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate "INDIANA DEPARTMENT OF CORRECTION" as a defendant on the docket. The **clerk is directed** to add "GASKIN" and "JOHN DOES 1-3" as defendants on the docket. The **clerk is directed** to serve Mr. Gaskin, an Indiana Department of Correction employee, electronically.

The **clerk is directed** to update the docket to reflect that "INDIANA DEPARTMENT OF CORRECTION" is now an interested party. Process will issue to the IDOC for the purpose of permitting it to appear in the action and respond to discovery requests regarding the identities and locations of the "John Doe" defendants. The IDOC need not answer the complaint.

Nothing in this Order prohibits the filing of a proper motion pursuant to Fed. R. Civ. P. 12.

**SO ORDERED.**

Date: 5/13/2026

_____
Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

JAMES E BRABSON, III
254490
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

Electronic service to Indiana Department of Correction:
    Mr. Gaskin, Internal Affairs
    (at Plainfield Correctional Facility)
    Indiana Department of Correction